IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GLENDA KOVACH and
AMY ADKINS, individually and as representatives
of a Putative Class of Participants and Beneficiaries,
on behalf of the LHC GROUP 401(K) PLAN,

           Plaintiffs,

v.                                                  CIVIL ACTION NO.   3:23-0051

LHC GROUP, INC.,
LHC GROUP 401(K) COMMITTEE,
MARCUS MACIP,
JOSH PROFFITT,
CHRIS GILL,
KIMBERLY SEYMOUR, and
DOES 1 through 10,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Transfer Venue (ECF No. 22) and a Motion to Stay Pending a Ruling on Motion to Transfer Venue (ECF No. 25) by Defendants LHC Group, Inc., LHC Group 401(k) Committee, and the individually named LHC Group 401(k) Committee members/fiduciaries Marcus Macip, Josh Proffitt, Chris Gill, and Kimberly Seymour. Plaintiffs Glenda Kovach and Amy Adkins oppose both motions. For the following reasons, the Court **GRANTS** the Motion to Transfer Venue and **DENIES AS MOOT** the Motion to Stay.

LHC Group, Inc. ("LHC") is a national in-home healthcare services provider that operates in 38 states and the District of Columbia. *See* https://perma.cc/23Q4-4JGG (last visited 8/3/23). The company is incorporated in Delaware, has its principal place of business in Louisiana,

and employs 29,000 employees. *Id.*; Marcus Macip Decl. 1, ECF No. 22-1. Pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), LHC established a 401(k) retirement Plan ("the LHC Group 401(k) Plan" or "the Plan") "that enables eligible participants to make tax-deferred contributions from their salaries to the Plan." *Compl.* ¶4.

Plaintiffs Kovach and Adkins allege they are former employees of LHC who participated in the LHC Group 401(k) Plan. *Id.* ¶¶15, 16. Plaintiffs claim that they were injured because Defendants breached their fiduciary duties under ERISA by failing to monitor certain fees and investments associated with the Plan. Therefore, Plaintiffs filed this putative class action individually and as representatives of other current and former employees, participants, and beneficiaries of the "Plan to recover losses due to mismanagement." *Id*. ¶1. At this point, Defendants have not challenged the merits of Plaintiffs' argument but, instead, argue the Court should transfer venue to the Western District of Louisiana.

In deciding whether to transfer venue, a district court initially must ask whether the action could have been brought in the transferee forum. *Noetic Specialty Ins. Co. v. North Carolina Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 844 (E.D. Va. 2020). If so, this Court has broad discretion pursuant to 28 U.S.C. § 1404(a) to "transfer any civil action to any other district" "for the convenience of parties and witnesses" and "in the interest of justice[.]" 28 U.S.C. § 1404(a), in part; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" (citation omitted)). When exercising such discretion, the Fourth Circuit directs courts to consider: "(1) the weight

accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (citations omitted). Additionally, the Fourth Circuit recognized that "Congress intended in ERISA cases to give a 'plaintiff's choice of forum somewhat greater weight than would typically be the case,' as evidenced by ERISA's 'liberal venue provision.'" *Id.* (quoting *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 856–57 (D. Md.2005) (internal quotation marks omitted)). Nevertheless, despite the fact "there is 'ordinarily a strong presumption in favor of the plaintiff's choice of forum' . . .[,] this principle is not conclusive" and the plaintiff's choice is not afforded "substantial weight . . . if the cause of action bears little or no relation that forum." *Noetic Specialty Ins. Co.*, 453 F. Supp. 3d at 845-46 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); other citation omitted). Ultimately, the party seeking the transfer has the burden to prove the action could have been filed in the transferee forum and the balance of factors strongly favors transfer. *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946)); *Arabian v. Bowen*, 966 F.2d 1441, *1 (4th Cir. 1992) ("The defendant bears a heavy burden of showing that the balance of interests weighs strongly in his favor in a motion to transfer."); *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund*, 791 F.3d at 444 (stating that Defendants must "make a compelling showing on the remaining factors" to demonstrate an abuse of discretion by the district court in denying transfer). In applying this criteria to the present case, the Court finds Defendants have met their burden.

First, ERISA provides that venue is proper in any "district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29

U.S.C. § 1132(e)(2), in part. In this case, Defendants have submitted the Declaration of Marus Macip, Executive Vice President and Chief Administrative Office of LHC, and a member of the 401(k) Committee, stating the Plan is administered in Lafayette, Louisiana and, since 2017,[1] all Plan decisions have occurred in Lafayette, which is within the Western District of Louisiana. Macip Decl., ¶¶7-8. Additionally, LHC's principal place of business is in Layfette, all Committee members have worked at the Layfette location, and all Committee members have resided within the Western District of Louisiana since 2017. *Id.* ¶¶3, 9. Given this information, the Court finds Defendants easily establish that venue exists in the Western District of Louisiana and that this action could have been properly filed there.

Second, the Court also finds the causes of action brought by Plaintiffs—that is, breach of fiduciary duties[2]—bear, at most, a marginal relationship to the Southern District of West Virginia. In support of their argument that this Court should not transfer venue, Plaintiffs point to the fact they worked for LHC in this district, contributed to the Plan in this district, and suffered damages in this district. Additionally, both Plaintiffs submitted declarations asserting that traveling to Louisiana for trial, or any other reason, would create a financial hardship for them. Amy Adkins Decl., ECF No. 27-2; Glenda Kovach Decl., ECF No. 27-3. Moreover, Plaintiffs assert there over 500 other LHC employees in West Virginia and 9.5% of the entire class lives within the Fourth Circuit.

---

[1] In their Complaint, Plaintiffs define the putative class period as "[a]ll participants in or beneficiaries of the LHC GROUP 401(k) PLAN from six years prior to the filing of the complaint in this matter through the date of judgment (the 'Class Period')." *Compl.* ¶185.

[2] The Complaint contains two causes of action: Breach of Fiduciary Duty of Prudence and Breach of Fiduciary Duties in Violation of Duty to Investigate and Monitor Investments and Covered Service Providers.

For purposes of Defendants' motion, the Court accepts these assertions by Plaintiffs as true and does not deny there is some connection to this district. However, the Court finds the balance of factors strongly favors transfer to Louisiana. First, the Court recognizes that, although Plaintiffs previously worked for LHC within the district, neither of the named Plaintiffs currently live here. Plaintiff Adkins lives relatively close by, but within the Southern District of Ohio, and Plaintiff Kovach lives in Fairmont, West Virginia, which is a nearly three hour drive from the courthouse steps and within the Northern District of West Virginia. *Compl.* ¶¶15, 16.[3] Thus, the only connection to this District with the named Plaintiffs is that, once upon a time, they worked here and participated in the Plan they allege was mismanaged.

On the other hand, it is obvious that nearly all the discovery related to the Committee members' decisions and actions regarding the alleged mismanagement and breaches of fiduciary duties occurred within the Western District of Louisiana. Not only is LHC's principal place of business located there, but all the 401(k) Committee's business was performed there, all the records are maintained there, and all the Committee members/fiduciaries (which include the individually named Defendants) reside there. This case is not a simple matter of shifting the burden of litigation from Defendants to Plaintiffs, as Plaintiffs suggest. Rather, it is a situation in which Plaintiffs are seeking to litigate in a forum that holds virtually no evidence, if any, related to their

---

[3]Neither party appears to realize that Fairmont is not within the Southern District of West Virginia. In addition, although Plaintiffs claim there are over 500 LHC employees working in West Virginia, they do not identify how many of those 500 employees work within the Southern District of West Virginia versus the Northern District of West Virginia. Moreover, Defendants assert there are over three times as many employees in Ohio as in West Virginia and this action could have been filed there as it is where Plaintiff Adams lives. *Defs.' Reply Mem. of Law in Supp.*, at 6, ECF No. 29.

breach of fiduciary claims and where Plaintiffs do not even live. Moreover, the named Plaintiffs' actual pre-trial participation in this litigation likely will be marginal, while Defendants' participation will be extensive because their actions and inactions are the focus of the claims. Under these circumstances, the Court has no difficulty finding the inefficiencies of litigating this matter in the Southern District of West Virginia are overwhelmingly evident and the considerations of convenience, fairness, and the interest of justice strongly favors transferring this action to the Western District of Louisiana.[4]

Accordingly, for the foregoing reasons, the Court finds in its discretion that Defendants have met their heavy burden to overcome Plaintiff's choice of forum by demonstrating that this action should be transferred to the Western District of Louisiana for further proceedings. Therefore, the Court **GRANTS** Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) (ECF No. 22) and **DENIES AS MOOT** Defendants' Motion to Stay. ECF No. 25.[5] The Court further **DIRECTS** the Clerk of this Court to transfer this action to the Western District of Louisiana.

---

[4] In addition, the parties seem to agree that none of the key non-party witnesses (Alliant Retirement Services, Transamerica Retirement Solutions, and Voya Institutional Plan Services) reside in West Virginia. *See Pls.' Mem. of Law in Opposition*, at 17; *Defs.' Reply Mem. of Law in Supp.*, at 4.

[5] In their Response, Plaintiffs complain that Defendants have failed to file a responsive pleading and ask the Court to direct that one be filed. The Court finds the timing of a responsive pleading is best raised and addressed in the Western District of Louisiana.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    August 4, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE